IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID OLALDE | § | |
| VS. | § | CIVIL ACTION NO. 1:10cv731 |
| JODY R. UPTON | § | |

## MEMORANDUM OPINION AND ORDER REGARDING TRANSFER

Petitioner David Olalde, an inmate confined at the Federal Correctional Institution - Beckley located in Beaver, West Virginia, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### Discussion

Petitioner contends he was wrongfully convicted in Incident Report number 1937790 on November 19, 2009 while he was confined at the Federal Correctional Complex in Beaumont, Texas.

### The Motion to Transfer

The respondent was ordered to show cause why relief should not be granted. In response, the respondent filed a motion to transfer venue, asserting that petitioner is not confined within the jurisdictional boundaries of this court. Petitioner did not oppose the respondent's motion asserting that jurisdiction is proper in West Virginia.

### Analysis

Title 28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." "To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (citation omitted). A § 2241 petition must be filed in the district where the petitioner is incarcerated. *Id.*; *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

Petitioner was transferred from the Federal Correctional Complex in Beaumont, Texas on October 26, 2010. Petitioner arrived at his current place of confinement, FCI Beckley, on October 27, 2010. This petition was not filed until November 15, 2010.

A *pro se* prisoner's habeas petition is deemed filed, for purposes of determining the applicability of the AEDPA, when he delivered the papers to prison authorities for mailing. *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002); *Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998). While petitioner signed his petition on October 24, 2010, petitioner did not state when he delivered his petition to prison officials for mailing. The envelope containing the petition was not postmarked until November 9, 2010. Thus, it appears petitioner did not mail the petition until after his arrival at FCI Beckley on October 27, 2010.

Petitioner is currently confined at the Federal Correctional Institution - Beckley in Beaver, West Virginia where it appears he was located when he submitted the petition. FCI - Beckley is located in Raleigh County, West Virginia. Pursuant to 28 U.S.C. § 129, Raleigh County is located within the jurisdictional boundaries of the United States District Court for the Southern District of West Virginia. As petitioner is not incarcerated in the Eastern District of Texas, this court is without jurisdiction to consider petitioner's petition for writ of habeas corpus; subject-matter jurisdiction cannot be waived. *See DeCell & Associates v. F.D.I.C.*, 36 F.3d 464, 471 (5th Cir. 1991).

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

## ORDER

After considering the circumstances of this petition, the court has determined that the interests of justice would best be served if this petition were transferred to the district in which the petitioner is confined rather than dismissed for lack of jurisdiction. Accordingly, it is

**ORDERED** that the respondent's motion to transfer venue is **GRANTED.** An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

SIGNED this 20th day of October, 2011.

_____
Zack Hawthorn
United States Magistrate Judge